## CIRCUIT COURT OF FAIRFAX COUNTY

Anna Wheeler

v.

Meir Gabbay
and Ralph Shambaugh

June 10, 1994

Case No. (Law) 126903

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on the Commonwealth's assertion of a privilege on behalf of an investigator during a deposition in a wrongful death case that is the subject of an on-going criminal investigation. During the deposition, Defendant's counsel inquired about the details of the on-going criminal investigation. In response the Commonwealth asserted a privilege on behalf of the investigator and advised the witness not to reveal any information concerning the details of the investigation. The issue is whether the Defendant in a civil case, who is also the Defendant in a pending criminal case, may depose the investigator regarding the details of an on-going criminal investigation. The Commonwealth contends that a law enforcement officer has a privilege which protects the confidentiality of information gathered by an investigator in a criminal investigation. Defendant responds that the investigator has no privilege which protects the confidentiality of the details of an on-going criminal investigation. Having considered the oral argument and memoranda of counsel, the Court holds that Virginia recognizes a privilege which protects the confidentiality of information gathered by an investigator in an on-going criminal investigation from disclosure in a civil case.

*Facts*

On June 10, 1993, John Kowalczyk was murdered in the Town of Vienna. The Vienna Police Department commenced an investigation into his

death. Defendant, Ralph Shambaugh, was indicted for the murder of John Kowalczyk on September 20, 1993. Defendant is alleged to have conspired with the former father-in-law of John Kowalczyk, namely, Stanley Hyman. On September 30, 1993, Anna Wheeler, Executor of the John Kowalczyk estate, filed a wrongful death action against Meir Gabbay, the Executor of the Hyman estate, and the Defendant, Ralph Shambaugh.

On May 19, 1994, an investigator in the criminal investigation was deposed in Defendant's counsel's office. The Commonwealth's Attorney accompanied the investigator to the deposition. Defendant's counsel asked questions seeking information regarding the on-going criminal investigation. The Commonwealth asserted a privilege on behalf of the investigator. The Court set a hearing date to determine whether a privilege existed. Defendant is being prosecuted in a capital murder case set for trial in August, 1994. This civil case is set for trial in January, 1995.

### Standing

Defendant argues that the Commonwealth lacks standing to appear on behalf of the investigator in this matter. Defendant maintains the Commonwealth does not have standing to assert a privilege for the investigators of the Town of Vienna. In reply, the Commonwealth asserts that it has exclusive jurisdiction to prosecute felonies and an interest in preserving their criminal case. The Commonwealth also argues the Town of Vienna lacks jurisdiction to assert a privilege on behalf of the investigators. At this stage of the matter, the Commonwealth has not filed a petition to intervene in the civil case.

The Court finds that the Commonwealth is properly before the Court. First, the Commonwealth has exclusive jurisdiction to prosecute felonies in the Commonwealth of Virginia. As part of this authority, the Commonwealth retains an interest in maintaining the confidentiality of its on-going criminal investigations. Second, a lawyer representing a witness at a deposition may appear in a case to litigate the validity of an evidentiary privilege on behalf of a witness without filing a petition to intervene in a case. Additionally, the Commonwealth submitted a memorandum in this action at the request of the Court. The Court found it critical in resolving this matter that the Commonwealth explain and argue its reasons for asserting a privilege in the deposition of the investigator. Therefore, the Court finds that the Commonwealth had standing to assert the investigator's privilege.

*Privilege*

The Commonwealth argues that this investigator has an absolute privilege against disclosure of information he learned in the course of the on-going criminal investigation, including non-disclosure of the identity and statements of witnesses and informers.[1] Defendant answers that there is no absolute privilege for non-disclosure of information regarding a criminal investigation. Further, Defendant asserts that the Code of Virginia and the common law of Virginia do not recognize a law enforcement investigator's "privilege" to the normal rules of discovery for civil proceedings. Defendant also maintains that if the Court finds that a privilege exists, then the privilege is limited to information a witness communicates to the investigator in confidence during a criminal investigation.

As a general rule, the identity of a person furnishing the prosecution with information concerning criminal activities is privileged. *Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d 157, 165, *cert. denied*, 484 U.S. 873 (1987). "The purpose of the privilege is to further and protect the public's interest in effective law enforcement . . . ." *Id.* This privilege protects the identity of persons who furnish information relating to violations of the law from disclosure absent government consent to such disclosure. *Vogel v. Gruaz*, 110 U.S. 311, 315-16 (1884).

In *Vogel v. Gruaz*, the United States Supreme Court cited the holding in *Worthington v. Scribner*, 109 Mass. 487 (1872), for the principle of the privilege. The *Worthington* Court opined that:

> [I]t is the duty of every citizen to communicate to his government any information which he has of the commission of an offense against its laws; and that a court of justice will not compel or allow such information to be disclosed, either by the subordinate officer to whom it is given, by the informer himself, or by any other person, without the permission of the government, the evidence being excluded not for the protection of the witness or of the party in the particular case, but upon general grounds of public policy because of the confidential nature of such communications.

---

[1] A confidential informer is a person who conveys information to law enforcement officers with the implicit or explicit understanding with the officer that their identity will not be revealed unless they become a witness at trial. *See, Roviaro v. United States*, 353 U.S. 53 (1957).

The Court of Appeals of Virginia reaffirmed this privilege in *Lanier v. Commonwealth*, 10 Va. App. 541, 551 (1990); *citing, Vogel v. Gruaz*, 110 U.S. 311, 315-16 (1884).

### Scope of the Privilege

The Defendant's discovery rights in a criminal case are controlled by Rule 3A:11 of the Rules of Virginia Supreme Court. *Bellfield v. Commonwealth*, 215 Va. 303, 208 S.E.2d 771 (1974), *cert. denied*, 420 U.S. 965, 95 S. Ct. 1359, 43 L. Ed. 2d 444 (1975). These rules "do not authorize the discovery . . . of reports, memoranda, or other internal Commonwealth documents made by agents in connection with the investigation or prosecution of the case . . . ." *See Spencer v. Commonwealth*, 238 Va. 295, 384 S.E.2d 785 (1989). Furthermore, in *Currie v. Commonwealth*, 10 Va. App. 204, 391 S.E.2d 79 (1990), the Court of Appeals for Virginia held as a general rule that the accused was not entitled to obtain statements made by prospective Commonwealth witnesses to police officers in connection with the investigation or prosecution of a criminal case.

Rule 4:1(b)(1) of the Rules of Virginia Supreme Court states in pertinent part that "[p]arties may obtain [civil] discovery regarding any matter, not privileged . . . ." Clearly, the Virginia Supreme Court recognized that the term privilege included all common law privileges.

The Court finds that the privilege precludes the Defendant from questioning the investigator concerning the details of the on-going criminal investigation, i.e., identity and statements of informers and witnesses and the identity of evidence prior to a public trial. This result is predicated on the fact that there is no right of access to details of an on-going criminal investigation prior to disclosure of evidence in a public trial.[2] This privilege holds true regardless of the broad nature of civil discovery rules. *Cf.,*

---

[2] The General Assembly has acknowledged the privilege by carefully providing in the Virginia Freedom of Information Act (VFOIA), § 2.1-341, that "the identity of any victim, witness, undercover officer, or investigative techniques or procedures need not but may be disclosed. The identity of any individual providing information about a crime or criminal information about a crime or criminal activity under a promise of anonymity shall not be disclosed." Citizens are granted access under the act to criminal incident reports which describe the criminal activity reported, the date, general location of the crime, identity of the investigating officer, and a general description of any injuries suffered or property damaged or stolen. *Id.* The VFOIA is mutually exclusive from the Rules of the Supreme Court of Virginia regarding discovery.

*Shenandoah Publishing House, Inc. v. Fanning*, 235 Va. 253, 368 S.E.2d 253 (1988).

There are several reasons to preserve the confidentiality of information learned in an on-going criminal investigation. First, disclosure of information about the details of an investigation prior to trial may harm the preparation of the criminal case. Second, criminal investigative records include leads, unsubstantiated rumors, the identity of suspects and accomplices, informers' and witnesses' statements, and officers' mental impressions. Third, information contained in a criminal investigator's file may not be competent evidence to present in a criminal trial. Finally, the identification of a citizen as a suspect in a criminal investigation does not necessarily mean that citizen will be accused of the offense. Therefore, disclosure of the identity of suspects in discovery may cause irreparable harm to a citizen, who is not charged with an offense and, indeed, may never be charged for a violation of the law. Accordingly, the Court holds that an investigator has a privilege protecting the confidentiality of information collected in an on-going criminal investigation, and therefore, his testimony regarding privileged information may not be compelled.[3]

---

[3] This opinion is limited to the taking of discovery from an investigator of an on-going criminal investigation. It does not concern the taking of discovery from any witness other than the investigator(s).